| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Barbara Ann Balistreri,** | : | Case No. 4:25-bk-2956-MJC |
| | : | |
| Debtor. | : | |

## MEMORANDUM

Attorney Paige Martineau was ordered to show cause why she should not be sanctioned under Fed. R. Bankr. P. 9011(b)(3) for misquoting statements of this Judge and relying on those misquotations in filings before this Court and the District Court to argue that the undersigned acted improperly and with bias. Doc. 39. For the reasons set forth at the hearing held on December 16, 2025 and below, the Court finds that Ms. Martineau knowingly misquoted this Judge for an improper purpose in violation of Fed. R. Bankr. P. 9011(b)(3).

### I.  PROCEDURAL HISTORY

On August 26, 2025, Barbara Ann Balistreri ("Debtor") filed a Chapter 7 bankruptcy petition in this Court at No. 4:25-bk-02379 ("First BK Case"). Attorney Paige Martineau ("Ms. Martineau") represented the Debtor in the First BK Case.[1]

During oral argument on October 9, 2025 ("October 9 Hearing"), the following exchange occurred between the Court and Ms. Martineau relating to a prior case before this Court in which Ms. Martineau represented the Debtor:[2]

| | |
|---|---|
| Judge Conway: | Okay. I remember trying to get this resolved because I thought it was in your client's best interests, and apparently |

---

[1] This case was dismissed because Ms. Martineau failed to file the required debtor's certificate of credit counseling.
[2] *See In re James Alva McNeal,* 4:20-ap-00060-MJC (Bankr. M.D. Pa.), *aff'd McNeal v. Brouse, Jr.*, No. 4:24-CV-01307-MWB (M.D. Pa. Feb. 13, 2025) ("McNeal Case").

|  |  |
|---|---|
|  | you did not agree. And I know that the District Court just affirmed my decision.³ |
| Attorney Martineau: | Yeah. And we're appealing to the Third Circuit. |
| Judge Conway: | Right. Right. |
| Attorney Martineau: | So the--I mean, the ---the District Court--I mean |
| Judge Conway: | I don't know if you think this is funny with your smiles, but I don't think this is funny. I think this is a very serious matter that we have in front of me. |

Case No. 25-bk-02379-MJC, Transcript of October 9, 2025 Hearing, Doc. 76 at p. 28-29.⁴

During a brief break of the October 9 Hearing, Ms. Martineau prepared and filed a Motion For Recusal. Doc. 54. The Court denied the Motion to Recuse on the record and also entered an Order dated October 10, 2025 denying the Motion. Doc. 60. During this same break, Ms. Martineau advised the Court that she amended a complaint she previously filed in an action pending before the District Court for the Middle District of Pennsylvania, *Martineau v. American Bar Ass'n, et al.*, No. 4:25-cv-1848-MWB (M.D. Pa.) ("ABA Action"),⁵ to add this Judge as a defendant. ABA Action, Doc. 7.

On October 11, Ms. Martineau filed in the ABA Action, *inter alia,* Plaintiff's Motion for A Preliminary Injunction for a Declaration that Attorney Martineau Has Never Violated an Ethical Rule in Front of Judge Conway or Piecuch and That Disparate Treatment, Like a False Accusation of Ethics Complaints of Attorneys Who Threaten Ethics Complaints Against the Judge, Violates

---

³ For context, the Court held in *McNeal* that it did not have jurisdiction over the matter. This was affirmed by the District Court on appeal. *See* n.2 *supra*. The debtor has further appealed to the Third Circuit. *McNeal v. Brouse*, No. 25-3406 (3d Cir. Dec. 15, 2025). That appeal is pending.
⁴ This Court uses Electronic Sound Recording as the method for taking the official record. The Clerk's Office provides a system that allows the public to listen to the audio recordings in the courthouse free of charge. The audio typically is available the same day as the hearing. Alternatively, a transcript or digital copy of the audio can be ordered.
⁵ Ms. Martineau, as a named plaintiff, commenced the ABA Action on October 3, 2025 by filing an 894 paragraph, 63 Count Complaint against 19 defendants including the United States Congress, United States Department of Health and Human Services, American Bar Association, Supreme Court of Pennsylvania, two (2) State Court judges, and three (3) legal aid service providers.

the Constitution ("Preliminary Injunction Motion"). ABA Action, Doc. 11.[6] Ms. Martineau represented to the District Court that during the October 9 Hearing this Judge and Ms. Martineau had a "heated exchange" and that this Judge stated "I didn't pressure you to settle because I didn't want a trial! I pressured you to settle because I thought it was in the best interest of your client. And look, I was right, wasn't I, because you just lost on appeal, huh?" *Id.* at ¶ 24.

On October 15, 2025, the Debtor, through Ms. Martineau, filed a second Chapter 7 bankruptcy petition as above-captioned ("Second BK Case"). Ms. Martineau also filed a Motion For Recusal in the Second BK Case, Doc. 3, wherein she alleges that this Judge "admitted, on the record, on October 9, 2025 that he had 'pressured [counsel] to settle because it was in the best interest of [her] client, and loo<u>k, we just won the appe</u>al, so I guess I was right huh?'" (emphasis in original).[7] According to Ms. Martineau, "[t]his statement will be the subject of extensive litigation in federal court and creates the appearance of bias in this case." *Id*.

On October 15, 2025, Ms. Martineau filed a Motion for Reconsideration in the McNeal Case claiming that the statements she attributed to the undersigned demonstrated "impropriety" and "actual or apparent bias, directly impacting the integrity of the orders under review." McNeal Case, Doc. 20 at p. 2, 4. In support of her motion, Ms. Martineau again claimed that this Judge stated "I didn't pressure you to settle because I was afraid of having a trial, I pressured you to settle because it was in the best interest of your client, and look, you just lost your appeal, so I guess I was right, huh?" *Id*. at pp. 1-2. Later in the Motion, Ms. Martineau modified the quote but continued to assert that this Judge stated he "pressured [counsel] to settle because it was in the best

---

[6] On October 15, 2025, Chief Judge Brann denied the Preliminary Injunction Motion along with nine (9) additional motions she filed in that case and dismissed Ms. Martineau's Complaint, ABA Action Doc. 18. She has since filed two amended complaints. *See* Doc. 20 (which was dismissed by Order dated October 17, Doc. 27) and Doc. 31.
[7] This Motion For Recusal was denied by Order dated October 22, 2025. Doc. 20.

interest of [her] client, and look, we just won the appeal, so I was right, huh?" *Id*. at p. 3. Chief Judge Brann denied this Motion by Order dated November 12, 2025, McNeal Case. Doc. 22.

In its October 22, 2025 Order Denying the Motion to Recuse in the Second BK Case, this Court set forth the relevant portions of the official transcript from the October 9 Hearing and made the following factual findings:

> (i) "the Court never indicated that it 'pressured' Ms. Martineau to settle;"
>
> (ii) the Court did not state "we just won the appeal;"
>
> (iii) the McNeal case did not, in fact, settle;
>
> (iv) "the quote by Debtor's counsel in support of the written Motion is a misrepresentation of what the Court said on October 9;"
>
> (v) "counsel failed to reasonably investigate the facts before making such factual contentions in her Motion by requesting a transcript or listening to the available audio recording of the October 9 hearing;" and
>
> (vi) "Ms. Martineau has also improperly used this misquoted language to seek reconsideration [in the McNeal Case]."

Second BK Case, Doc. 20 at p. 3-4, fn 3, 4.

On November 14, 2025, this Court entered the instant Order to Show Cause ("OSC"). Second BK Case, Doc. 39. Ms. Martineau was ordered by this Court to appear and show cause on December 16, 2025 why she should not be sanctioned for: (i) misquoting the statements attributed to the Judge during the October 9 Hearing; and (ii) failing to correct the misquotes after learning of them. Doc. 39 at ¶16-17. Ms. Martineau filed no written response to the OSC. Instead, one half hour before the scheduled hearing on the OSC, Ms. Martineau filed another Motion to Recuse Judge, Doc. 48, and a Motion to Reschedule Hearing, Doc. 49, in the Second BK Case, and an

4

additional Motion to Recuse Judge, Doc. 86, in the First BK Case. In these three (3) filings, Ms. Martineau did not correct the misquoted statements and, instead, elected to "double down" and repeat the same misquotes despite being on actual notice of what was said at the October 9 Hearing with the ongoing purpose of attempting to show bias by the undersigned.

A hearing was held on December 16, 2025 ("December 16 Hearing") and Ms. Martineau was provided an opportunity to be heard. This matter is now ripe for disposition.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. Venue is proper pursuant to 28 U.S.C. §1409(a). This Court retains jurisdiction over Rule 9011 proceedings following dismissal. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 385 (1990) ("[A] Rule 11 sanction is not a judgment on the action's merits, but simply requires the determination of a collateral issue, which may be made after the principal suit's termination").[8]

## III. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9011(b) ("Rule 9011(b)"), incorporating Fed R. Civ. P. 11, governs pleadings and representations by attorneys in this and other Bankruptcy Courts as follows:

> (b) By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later

---

[8] The Court held in *Cooter & Gell* that "[i]f a litigant could purge his Rule 11 violation merely be taking a dismissal, he would lose all incentive to investigate more carefully before serving and filing papers." *Cooter & Gell*, 496 U.S. at 385. Ms. Martineau stated on the record that she believed having the bankruptcy case dismissed and returning to state court would cause the December 16 hearing on the OSC to be cancelled. Audio of December 16 hearing at 11:01 AM. Upon being told that the hearing on the OSC was moving forward, she attempted to negotiate the withdrawal of the pending Motion to Re-Open the First BK Case contingent on the Court declining to move forward with the OSC. Audio of December 16 Hearing at 11:07-11:10 A.M.

5

> advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Compliance with "Rule 9011(b)(3) thus requires an attorney representing a debtor to make 'at least some affirmative investigation into the facts represented in documents submitted to the court.'" *In re Thomas*, 612 B.R. 46, 62 (Bankr. E.D. Pa. 2020) (*citing In re Parikh*, 508 B.R. 572, 585, 590-594 (Bankr. E.D.N.Y. 2014)).[9]

## IV. DISCUSSION

Ms. Martineau is before this Court on the OSC because she has repeatedly used misquoted language that she attributes to this Judge in her attempts to create an appearance of "bias" or "impropriety" in filings with this Court and the District Court. Specifically, Ms. Martineau's alteration of this Court's statements to read "we just won the appeal, so I guess I was right, huh?" attempts to impute smugness, personal involvement, and/or acrimony on behalf of the Court that simply did not (and does not) exist in light of the Court's actual and very matter-of-fact statement

---

[9] PA Rules of Professional Conduct 3.3(a)(1) provides that a "[a] lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." This rule is made applicable to attorneys practicing before this Court pursuant to M.D. Pa. L. R. 83.23.2 and Bankr. M.D. Pa. L. R. 2090-1, 2090-2.

that "I remember trying to get this resolved because I thought it was in your client's best interests, and apparently you did not agree. And I know that the District Court just affirmed my decision."[10]

Despite being provided notice and an opportunity to be heard, Ms. Martineau did not address the simple issue that she falsely quoted this Judge and used those quotes in furtherance of her efforts to suggest bias or impropriety by the undersigned. Ms. Martineau did not inform the Court of any efforts she undertook to verify her statements before making them or to correct them after learning of their falsity. In the Preliminary Injunction Motion, Martineau indicated that her "memory, of course, is not perfect, but the transcript will show something like the following exchange occurred." ABA Action, Doc. 11, ¶24. Similarly, during the December 16 Hearing, Ms. Martineau stated that the true version of the quote by this Judge was "remarkably close to what I quoted." Audio of December 16 Hearing at 11:36 A.M. The Court rejects these arguments.

Under Rule 9011(b), Ms. Martineau had an affirmative duty to ensure the documents filed in this Court, and the quotes contained therein, were accurate. Rule 9011(b)(3) clearly requires that "the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. Bankr. R. P. 9011(b)(3). Rule 9011(b)(3) *requires* "at least some affirmative investigation into the facts." *Thomas,* 612 B.R. at 62. The Court in *In Re Redante*, held that:

> in determining the reasonableness of an attorney's inquiry, the court should consider: the amount of time available to the signer for conducting the factual and legal investigation; the necessity for reliance on a client for the underlying factual information; the plausibility of the legal position advocated; whether the case was referred to the signer by another member of the Bar and the complexity of the legal and factual issues implicated.

---

[10] Listening to the actual audio transcript confirms the Court's "matter-of-fact" response and contradicts Ms. Martineau's claims that the undersigned was angry or otherwise hostile towards her.

*In Re Redante*, 579 B.R. 354, 363 (Bankr.E.D. Pa., 2018) (*citing In Re Taylor*, 655 F.3d 274, 284 (3d Cir. 2011) (holding that a court need not make a finding of bad faith and that the relevant inquiry is whether the conduct was objectively unreasonable)).

    Ms. Martineau failed to conduct a reasonable investigation because: (i) she made these statements despite the fact that the official record of the October 9 Hearing was readily available to her; and (ii) she made no effort to correct the misstatements after being placed on actual notice of them. Quite the contrary, she repeated the misstatements in her December 16 filings. Ms. Martineau's contentions that she was relying on her memory and that her statements were "substantially similar" must be rejected. The truth was readily available to her, easily verifiable, and she was put on actual notice of what was actually said. *See In Re Obasi*, 2011WL 6336153 at *6 (Bankr. S.D.N.Y. 2018) (*quoting In Re Ulmer*, 363 B.R. 777, 782 (Bankr. D.S.C. 2007)) ("[i]ndeed some courts have concluded that '[t]he fact that the information contained in documents bearing [the attorney's] signature *may* have been accurate is not a defense to a Fed. R. Bankr. P. 9011 sanction.'") (emphasis added). The Court also disagrees that the statements are substantially similar when considering the context in which these statements were made. As detailed above, Ms. Martineau's alterations attempted to change the "tone" of the Court's statements with the intention of showing bias or impropriety. Audio of December 16 Hearing at 11:36 A.M.

    Ms. Martineau also stated on the record during the December 16 Hearing that

> I dispute the accuracy of the transcript. But there is no evidence in the record that anything I said is not substantially similar to what was in those materials. And there is no evidence in the record that I have acted any more slowly to correct an obvious mistake of law or fact than my contemporaries in any case that I have had.

8

Dec. 16 Hearing at 11:38 A.M. The Court rejects these arguments. The Court's official transcript is "prima facie a correct statement of . . . the proceedings had." 28 U.S.C. § 753(b). The official transcript belies Ms. Martineau's claim that there is a lack of evidence. Ms. Martineau offers nothing to support her claim that the transcript is inaccurate.

The Court also rejects Ms. Martineau's contention that"[t]here is no evidence in the record regarding the availability of audio files. There is no evidence in the record regarding how the transcript was ordered."[11] Audio of December 16 Hearing at 11:34 A.M. The Court takes judicial notice of 28 U.S.C. § 753(b) concerning the availability of the official transcript. Regardless, these arguments are irrelevant because: (i) Ms. Martineau had the opportunity to listen to the October 9 Hearing prior to initially attributing these statements to the undersigned; and (ii) to listen to the audio or view the transcript before continuing to attribute these statements to the undersigned and failing to correct them.

As indicated above, Ms. Martineau's improper misquoting of this Judge is especially egregious because she filed a Motion for Reconsideration in a case before Chief Judge Brann without an accurate record and for the express purpose of using the misquote to suggest bias or impropriety by the undersigned. McNeal Case, Doc. 20. Ms. Martineau attempted to influence the District Court based upon false statements attributed to this Judge.

V.  CONCLUSION

For the reasons set forth above, the Court finds that Attorney Paige Martineau's continued use of misquoted statements attributed to this Judge made during the October 9, 2025 Hearing in pleadings filed in both this Court and the District Court for the Middle District of Pennsylvania

---

[11] The transcript of the hearing was docketed on October 21, 2025. *In Re Barbara Ann Ann Balistreri*, 25-bk-02379, Doc. 76. Per the Docket text, the transcript could be "viewed at the Bankruptcy Court Clerk's Office". Ms. Martineau had ready access to this transcript and elected not to avail herself of that access.

violates Fed. R. Bankr. P. 9011(b)(3). Attorney Paige Martineau is hereby sanctioned in the amount of $500.00 to be paid to the Clerk of the Court no later than ninety (90) days of the entry of the Order accompanying this Memorandum. In the alternative, Attorney Paige Martineau may take three (3) hours of CLE on Federal Practice or Professional Responsibility within ninety (90) days of the entry of the Order accompanying this Memorandum and upon providing a certification of completion to this Court, the monetary sanction will be waived.[12]

An appropriate Order shall be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: December 23, 2025

---

[12] Ms. Martineau's conduct at the December 16 hearing must also be addressed. First, Ms. Martineau did not appear in person but chose to appear via Zoom. Secondly, Ms. Martineau exhibited a complete lack of respect and decorum before this Court. Ms. Martineau refused to stop interrupting when counsel *and* this Judge were speaking. Throughout the hearing she was laughing, smiling, and making odd facial expressions, and constantly played with her hair, even after she was told to stop because it was distracting. The interruptions and refusal to obey this Judge's instructions led to her microphone being muted several times during the hearing.

Case 4:25-bk-02956-MJC Doc 53 Filed 12/23/25 Entered 12/23/25 16:41:32 Desc
Main Document Page 10 of 10